# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

United States Of America                                 Civil Action No. 10-01858

versus                                                            Judge Tucker L. Melançon

Zeringue                                               Magistrate Judge Patrick J. Hanna

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by plaintiff the United States of America ("United States") against defendant Alan J. Zeringue ("Zeringue"), [Rec. Doc. 13], Zeringue's Response thereto [Rec. Doc. 18] and the United States' Reply [Rec. Doc. 19]. For the reasons that follow, the Motion will be granted.

### I. Background

This action was brought by the United States on behalf of the United States Department of Education ("DOEd") for judgment, *in personam*, against Zeringue, related to two promissory notes each evidenced by a Certificate of Indebtedness ("COI") attached to the Complaint. *R. 1-1, COI #1; COI #2.* The following facts are based on COI #1 and #2, as well as the Declaration of Delfin M. Reyes, a loan analyst employed by the DOEd and the DOEd student loan custodian, and the exhibits attached thereto. *R. 13-3, Declaration of Reyes.*

Zeringue executed a promissory note dated July 23, 2002 ("Note 1"), *R. 13-4, Exh. B,* for disbursements by the DOEd under the William D. Ford Federal Direct Loan Program as authorized under Title IV of the Higher Education Act of 1965, as amended 20 U.S.C. §§ 1087a *et seq.*, between August 1, 2002 and November 19, 2002, in the aggregate amount of $14,824.84, to satisfy three existing student loans to Zeringue which were advanced by lenders other than

DOEd. *Id.; R. 13-3, ¶ 14.* Zeringue executed and delivered to the DOEd a second promissory note dated June 18, 2003 ("Note 2"), *R. 13-4, Exh. C*, for disbursement by DOEd under the Direct Loan Program on August 4, 2003, in the aggregate amount of $102,640.08, to satisfy 14 existing student loans to Zeringue advanced by lenders other than DOEd. *Id.; R. 13-3, ¶ 19.* DOEd is the current holder and owner of Notes 1 and 2. *Id. at ¶ 9.*

Under the terms of Notes 1 and 2, accrued interest which is not paid when due is subject to capitalization pursuant to 34 C.F.R. § 685.202(b). *R. 13-3, ¶ 24; R. 13-4., Exh. B; Exh. C.* Zeringue defaulted in payment of Note 1 and Note 2 on October 11, 2006. *R. 13-3 at ¶¶ 25, 26.* On Note 1, interest in the aggregate amount of $2,845.66 was capitalized at the rate of 5.00% per annum from the date of disbursement. *Id. at ¶ 25.* On Note 2, interest in the aggregate amount of $12,480.73 was capitalized at the rate of 4.25% per annum from the date of disbursement. *Id. at ¶ 26.* Although DOEd has made demand upon Zeringue for payment of Notes 1 and 2, Zeringue remains in default on payment of Notes 1 and 2 and the full unpaid balances of the Notes are due and payable. *Id. at ¶ 27, see i.e. Exh. G, notice of default; R. 19.*

The United States represents that as of October 25, 2010, there was past due and owing under Note 1, principal in the amount of $17,670.50, the sum of the original disbursements of $14,824.84 and capitalized interest of $2,845.66, plus interest in the amount of $3,819.77, with interest accruing daily in the amount of $2.42 after October 25, 2010. *R. 13-2, ¶ 8.* Payments made toward the Notes from all sources, including Department of Treasury offsets, in the aggregate of $69.47 have been credited against the unpaid balance of Note 1. *R. 1, COI #1; R. 13-3 at ¶ 28.* Also, as of October 25, 2010, there was past due and owing under Note 2, principal

2

in the amount of $115,120.81, the sum of the original disbursements of $102,640.08 and capitalized interest of $12,480.73, plus interest in the amount of $21,080.30, with interest accruing daily in the amount of $13.40 after October 25, 2010. *R. 13-2, ¶ 9.* Payments made toward the Notes from all sources, including Department of Treasury offsets, in the aggregate of $430.53 have been credited against the unpaid balance of Note 2. *R. 1, COI #2; R. 13-3 at ¶ 28.*

The United States filed this motion for summary judgment on May 27 , 2011, *R. 13.* In his opposition to the motion for summary judgment, Zeringue argues that the United States' exhibits evidencing the notes and "any claim or obligation" are not the original documents and are not "signed by my hand and executed in ink." *R. 18.* Zeringue further argues that because the "assignments of the original note(s) where the assignments went from Lender A to Lender B [are] missing" ... "there is no proof that a proper chain of assignments took place and that the lien positions were not properly perfected." *Id.*

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v.*

3

*Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of

proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence

supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his

motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to

show that there is a genuine issue for trial.[1] *Id.* at 322-23.

Once the burden shifts to the respondent, he must direct the attention of the court to

evidence in the record and set forth specific facts sufficient to establish that there is a genuine

issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e).

The responding party may not rest on mere allegations or denials of the adverse party's pleadings

as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or

other admissible evidence that there are genuine issues of material fact or law. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144.

159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving

party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt &*

*Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if,

viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of

fact could find for the non-moving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910

F.2d 167, 178 (5th Cir.1990).

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Law and Analysis

"Suits on promissory notes are particularly suited for disposition by summary judgment." *F.D.I.C. v. Cardinal Oil Well Servicing Co.*, 837 F.2s 1369, 1371 (5th Cir.1988) ("Typically, suits on promissory notes provide fit grist for the summary judgment mill."). "To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir.2001) (citing *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir.1993)). Once the United States establishes these elements, the burden is on Zeringue to demonstrate that the obligation has been modified, extinguished, or otherwise does not exist. *See United States of American v. Irby*, 517 F. 2d 1042, 1043 (5th Cir. 1975) (holder of note did not bear burden of showing whether all appropriate credits had been applied to reduce the indebtedness evidenced by the note).

The loan documents in the record as well as the Declaration of Delfin M. Reyes present uncontroverted evidence of Zeringue's obligations under the Notes, and the United States has satisfied each essential element of its claim: (1) Zeringue is the maker on the Notes; (2) the United States through DOEd is the holder of the Notes; and, (3) Zeringue is in default. *R. 1-1,*

5

*Certificates of Indebtedness # 1 &2; R. 10-3, Declaration of Reyes.*  While Zeringue argues that Exhibits B and C are copies of the Federal Direct Consolidation Loan Application and the promissory notes at issue, he does not dispute that they bear his signature nor that they are evidence of his obligation. *R. 13-4, Exhs. B & C.*   The Federal Direct Consolidated Loan Verification Ceritificates, Exhibits D, E and F, evidence the amounts disbursed by the DOEd to pay off or satisfy the student loans advanced to Zeringue by the initial lenders.  *Id., Exhs. D, E & F.*  The United States represents, and Zeringue does not dispute, that Zeringue was twice provided a copy of the National Student Loan Data System ("NSLDS") printout for student loans to Zeringue which were advanced directly by DOEd and other lenders. *R. 19; 13-3, ¶ 5, Exh. A.*  Zeringue has provided nothing to refute the evidence that is before the Court and has therefore failed to satisfy his burden of raising a genuine issue of material fact.  Accordingly, the United States has met its burden and is entitled to summary judgment in its favor.

### IV. Conclusion

For the forgoing reasons, the Court will grant The United States' Motion for Summary Judgment.

6